This is a bill to enjoin the erection of a building on property owned by the defendants, which will deprive complainants of their present means of ingress and egress over premises leased by them.
On December 24th, 1921, Peter Hauck, Jr., owned land on the southwest corner of New and Washington streets, in the city of Newark. A building covers the entire Washington street frontage. In the rear of the building, projecting from the second story, is an open piazza extending to the extreme portion of the lot, and open on New street. Below the piazza is an alleyway used by the occupants of the building in common, to which stairs descend from the piazza. The building is divided in half. The half not contiguous to New street was leased by Hauck to complainant in December, 1921, in the following terms: *Page 623 
"All of the store and part of the cellar of premises known and designated as 119 Washington street, in the city of Newark, county of Essex and State of New Jersey, and also the apartments contained on the two floors above said store, one apartment on each floor, with the appurtenances and sole and uninterrupted use and occupation thereof * * *."
Complainants entered into possession on January 1st, 1922, and have ever since used the alleyway on which the defendants now seek to erect their new building. After this entry defendants purchased the premises from Peter Hauck.
I have personally inspected the premises and find that the result of the erection of this building would be: The cutting off of the steps leading from the piazza to the alleyway, compelling the tenants of the apartments to seek means of ingress and egress, not through the alleyway to New street, but through a hallway in the house to Washington street, thus limiting them to one exit instead of to two as now. The first floor is operated by complainants as a restaurant, the dining-room being at the Washington street front with kitchen in the rear. The erection of this building would prevent the complainants from receiving their supplies, and removing their ashes and garbage through this alleyway. The defendants suggest that they are willing to allow complainants to carry the ashes and garbage down into complainants' cellar, across said cellar, through a wall between the two cellars, which must be opened for that purpose, across defendants' cellar up another flight of steps and through a trap door and thus out into New street. To do this complainants must take the garbage and ashes through the kitchen. It is quite obvious that this is a much more inconvenient method than that of receiving and discharging through the back door of the kitchen into the alleyway. Should the garbage and ashes be taken through the dining-room to Washington street, it may very well be that the restaurant customers would object, and thus the complainants' business would suffer. The erection of the proposed building would block up two windows and a door leading into the alleyway on complainants' premises. *Page 624 
The learned counsel for the defendants says that the sole questions before the court are the construction to be put upon the term "appurtenances" mentioned in the lease, and whether the alleyway is necessary to the complainants for the sole and uninterrupted use and occupation of the premises.
It seems to me that a doorway in the demised premises leading into an alleyway presupposes the right of using the alleyway to get in and out of the door. Otherwise, the door is useless. In other words, the door, and the right to use it, is "an appurtenance" of the lease, the sole and uninterrupted use and occupancy of which is granted by the lease.
The question as to whether or not the use of the alleyway is necessary to complainants, I think, is answered in the affirmative by the defendants themselves. They offer to alter the present condition of their cellar wall and allow complainants to cross their cellar in order to reach New street. This is an admission that, as matters now stand, the only way to get the ashes and garbage out of the place without going directly through the dining-room — which they have not had the temerity to suggest — is through the alleyway. The substitute they offer is a variation of the terms of a lease already made before they obtained the property, and I am of the opinion that they cannot compel complainants to accept it.
Defendants also intend to completely block up two of complainants' windows. Surely, an appurtenant of a window is the opportunity to look through it and obtain light and air from it. The reduction of the exits from the apartments from two to one is an interference with the sole and uninterrupted use of the demised premises.
For these reasons I will advise a decree enjoining the defendants from the erection of the building, and directing that the alleyway be restored to the condition in which it was before the building was commenced, so to remain until the expiration of the complainants' lease. *Page 625